**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LUIS MACIAS MONTOYA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-1884-J** |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Luis Macias Montoya, a noncitizen[1] proceeding with counsel, filed a petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response to the petition, Doc. 8, and Petitioner filed a reply, Doc. 10. So, the matter is at issue.[3]

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[3] On October 7, 2026, the undersigned ordered an update on Petitioner's immigration proceedings, as the EOIR Automated Case Information website did not indicate that an appeal was filed or pending with the Board of

For the reasons set forth below, the undersigned recommends that the Court **GRANT** the petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and procedural history.

Petitioner is a citizen of Mexico who entered the United States sometime in 1995. Doc. 1, at 9. On September 14, 2016, the Department of Homeland Security (DHS) initiated removal proceedings against Petitioner by filing a Notice to Appear (NTA) with the IC. *Id.* Ex. 1, at 1. Although the NTA alleges that Petitioner was present in the United States without having been admitted or paroled, the document does not indicate the statutory ground of removability DHS originally charged him with.[4] *Id.* On or around this date, Immigration and Customs Enforcement (ICE) took Petitioner into custody. *See id.* Ex. 2, at 1.

---

Immigration Appeals (BIA). Doc. 11. The Court also ordered an update on Petitioner's detention status, as he no longer appeared on the Government's online detainee locator. *Id.* On October 9, 2026, both parties provided updates indicating that the BIA remanded Petitioner's case to the Immigration Court (IC) and that he remained detained. Docs. 12-13.

[4] The undersigned notes that Petitioner has several criminal convictions that he incurred while in the United States. Doc. 8, Ex. 1, at 2-3.

On November 16, 2016, an Immigration Judge (IJ) conducted a bond hearing for Petitioner. *Id.* After this hearing, the IJ ordered Petitioner released from custody on bond. Doc. 1, at 9. On November 4, 2025, an IJ ordered Petitioner removed from the United States. *Id.* Ex. 3, at 2; *see also* Doc. 8, Ex. 1, at 2. On November 26, 2025, Petitioner appealed the IJ's decision to the BIA. Doc. 8, Ex. 1, at 2.

On December 2, 2025, during a routine check-in, ICE re-detained Petitioner. *Id.* On that date, DHS charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen who is present in the United States without being admitted or paroled or who arrived at any time or place other than as designated by the Attorney General. *See id.*

On September 4, 2026, the BIA remanded Petitioner's case to the IC. Doc. 12, Ex. 1, at 1-4; Doc. 13, Ex. 1, at 1-4.

ICE is currently detaining Petitioner at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 12, at 1-2; Doc. 13, at 1-2.[5]

---

[5] *See* USCIS, Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited Oct. 15, 2026).

## II. Petitioner's claim.

Petitioner alleges that his re-detention without notice violates his procedural due process rights under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Doc. 1, at 10-11. He maintains that ICE failed to provide him with notice, an explanation, or an individualized justification for his re-detention. *Id.* at 11.

Petitioner requests that the Court: (1) assume jurisdiction over his petition; (2) prohibit Respondents from transferring Petitioner outside of this district; (3) order Respondents to show cause as to why his petition should not be granted within three days; (4) within five days, order Petitioner's immediate release or order Respondents to provide Petitioner with a bond hearing where DHS carries the burden of proof; (5) declare Petitioner's detention unlawful; (6) award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA) and any other basis justified under law; and (7) grant any further relief the Court deems proper.[6] *Id.* at 11-12.

---

[6] The Court need not address Petitioner's request for EAJA fees and costs as a prevailing party, as Petitioner must separately seek these after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court need not address whether it may assume jurisdiction over this matter, whether Respondents are permitted to transfer Petitioner, or whether it must issue an Order to Show Cause, because the Court addressed these issues at least in part in its Order for Response, Doc. 6.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. 8 U.S.C. § 1226(a) governs Petitioner's detention.

Respondents acknowledge that, in light of *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Petitioner is entitled to a custody redetermination before an IJ. Doc. 8, at 1-2. In his reply, Petitioner, although recognizing that he is detained under § 1226(a), argues that he "contests his re-detention by Respondents as violative of due process . . . when he was suddenly re-detained after previously being released to live at liberty in the United States." Doc. 10, at 1-2. Petitioner continues that, unlike the circumstances in *Santillan Quiroz*, his case "does not present a question of

what is due [to] a petitioner who is detained *for the first time* in the interior of the country[.]" *Id.* at 2. Petitioner concludes that the Court should grant him relief "from the *re-detention* that was carried out in violation of due process." *Id.*

Although Petitioner frames his claim in procedural due process terms, he also seeks an individualized bond hearing and acknowledges that § 1226(a) governs his detention. The fact that Petitioner was re-detained in the United States—as opposed to having only been detained once—does not make *Santillan Quiroz* inapplicable. *Santillan Quiroz* ultimately addressed which detention authority applied to a noncitizen arrested in the interior while removal proceedings remain pending, finding § 1226(a) to be the applicable authority. In this sense, Petitioner's circumstances align with those of the petitioners in *Santillan Quiroz*, as Petitioner was also arrested within the interior of the United States while in removal proceedings.

Therefore, the undersigned finds that § 1226(a) governs Petitioner's detention.

**B. A bond hearing is the appropriate remedy.**

The undersigned agrees with Respondents and concludes that Petitioner is detained under § 1226(a) and that a bond hearing is the appropriate remedy.

*See Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond"); *see also Ortega v. U.S. Dist. Ct.*, No. CIV-26-2243-J, 2026 WL 2993549, at *1 (W.D. Okla. Oct. 5, 2026) (adopting report and recommendation where a petitioner who was detained under § 1226(a) was entitled to a bond hearing).

Section "1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant,* No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Here, Respondents have not provided Petitioner with an individualized custody determination since his detention in December 2025. *See* Doc. 8, Ex. 1, at 2-3; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," he is entitled to a bond hearing under § 1226(a). *Zhakhonov,* 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of*

*Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

So, the Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner.[7] *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no

[7] Petitioner requests that the Court place the burden on the Government at a bond hearing to demonstrate that he poses a danger to the community or flight risk. Doc. 1, at 12. The Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. Dist. Ct.*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). Thus, the undersigned will not recommend a burden-shifting framework in this case.

objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).”).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends that the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within ten days; if they fail to do so, they must release Petitioner.**[8] The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 26, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

[8] Given the recommended statutory relief, the undersigned recommends that the Court decline to reach Petitioner's due process claim. *See Colin*, 2025 WL 3645176, at *6 n.3 (“Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.”).

72.[9] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[9] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").